STATE *v.* JONES.

APPEAL by defendant from *Hall, J.,* February 1956 Term of ORANGE.

Defendant was tried and convicted in the recorder's court on a warrant issued by the mayor *pro tem* of Carrboro. The warrant charged "on or about the 10 day of January, 1956, Theodore M. Danziger did unlawfully, willfully, fail and refuse to show his Operators license to a public officer in uniform in violation of section 20-29 of the motor vehicles laws of North Carolina, contrary to the form of the statute . . ." Defendant appealed to the Superior Court from the judgment rendered by the recorder. He was tried in the Superior Court on the warrant issued by the mayor *pro tem.* The jury found him guilty of failing to show his operator's license as charged in the warrant. Sentence was imposed and from this judgment defendant appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*
*W. Harold Edwards for defendant appellant.*

---

### STATE v. POLLY JONES.

(Filed 11 January, 1957.)

**Homicide § 25—**

> Conflicting evidence as to whether defendant was the person who intentionally fired the pistol shot that killed deceased requires the submission of the issue to the jury and is sufficient to support verdict of guilty of manslaughter.

JOHNSON, J., not sitting.

APPEAL by defendant from *Carr, J.,* March Term 1956 of SCOTLAND.

The defendant was tried upon a bill of indictment charging her with the murder of one Mildred Shaw. However, at the call of the case the solicitor for the State announced that he would not ask for a verdict of guilty of the capital felony but for a verdict of guilty of murder in the second degree, or manslaughter, as the evidence might warrant.

The jury returned a verdict of guilty of manslaughter. From the judgment imposed, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Joe M. Cox and Gilbert Medlin for defendant.*

PER CURIAM. The State's evidence and that offered on behalf of the defendant was in sharp conflict as to whether or not the defendant fired the pistol shot that killed Mildred Shaw. Even so, the State's evidence was sufficient to carry the case to the jury and counsel for defendant so conceded in arguing this appeal. Moreover, the conflict in the evidence bearing on this crucial question, was for the jury to resolve and not the court. The State's evidence was sufficient to support the verdict.

We have carefully examined and considered each of the exceptions and assignments of error brought forward and argued in the defendant's brief and find no error which is sufficiently prejudicial to justify a new trial.

No error.

JOHNSON, J., not sitting.